UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PNC BANK, N.A.,

           Plaintiff,

v.

SCHMIDT ROOFING OF KEWASKUM, WI, INC.,
LANDMARK STORAGE LLC,
DAVID J. SCHMIDT, and
CAPITAL ONE BANK USA, N.A.,

           Defendants.

Case No. 14-cv-00832

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING DEFAULT JUDGMENT AND REQUIRING APPLICATION FOR JUDGMENT

Plaintiff PNC Bank, N.A. filed a foreclosure complaint on July 14, 2014. Dkt. No. 1. The plaintiff proved service as to all defendants. No party has filed an answer to the complaint.

On December 31, 2014, the plaintiff filed a motion for default judgment. Dkt. No. 16. The court had two hearings on the motion. Dkt. Nos. 27, 28. At the conclusion of the last hearing, the court asked counsel for the plaintiff to submit a proposed order, and suggested that counsel look, for guidance, at a foreclosure order entered by Judge Clevert in Case No. 13-cv-503, USA v. Estate of Corwin, et al.

The plaintiff did submit proposed findings of fact and conclusions of law, as well as a judgment. Because the court cannot determine how the plaintiff arrived at the amounts listed in the proposed judgment, the court grants

1

default judgment in favor of the plaintiff, based on the following findings of fact and conclusions of law, but requires the plaintiff to submit a form of judgment laying out its calculations of how it reached its proposed award amounts.

**Findings of Fact**

1.      PNC is a national banking association and its main office as designated in its articles of organization is in Wilmington, Delaware. PNC is a citizen of the State of Delaware. MidAmerica Bank, FSB and National City Bank are part of PNC through a merger.

2.      Defendant Schmidt Roofing of Kewaskum, WI, Inc. ("Schmidt Roofing") is a Wisconsin company, whose principal place of business is 7717 Commercial Lane, Allenton, WI 53002.

3.      Defendant Landmark Storage LLC is a Wisconsin company whose principal place of business is N7717 Commercial Lane, Allenton, WI `53002.

4.      Defendant David J. Schmidt ("David Schmidt") is a citizen of Wisconsin with the last known address of 8967 Town Line Road, Kewaskum, WI 53040.

5.      The defendants are in default on the Landmark Note. Defendants Schmidt Roofing and David Schmidt are in default on the Credit Line and Security Agreement.

6.      The mortgage premises securing the Landmark Note are described as follows:

> Lot 1 of Certified Survey Map No. 4539, recorded in the
> Washington County Registry on August 25, 1995 in Volume 30 of
> Certified Survey Maps on pages 217-219, as Document No.
> 698463, being part of the Southwest ¼ of the Southeast ¼ of
> Section 29, Town 12 North, Range 18 East, in the Town of Wayne,
> County of Washington, State of Wisconsin.

2

7.    Due notice of the pendency of this action was duly filed in the Office of the Register of Deeds for Washington County, Wisconsin. Said notice was provided in the manner and form prescribed by law, and more than twenty (20) days prior to trial or other formal resolution of this suit.

8.    Defendant Capitol One Bank USA, N.A. may have or may claim to have an interest in the mortgaged premises by the following:

> Capitol One Bank USA NA, 140 E. Shore Drive, 12017 0380, Glen Allen, VA 23059 by reason of a Judgment docketed in Circuit Court for Washington County on April 11, 2014, No. 2014SC000423 vs. Landmark Storage LLC and David J. Schmidt, 7717 Commercial Lane, Allenton, WI 53002.

9.    PNC's liens are superior and paramount to the liens and/or interests of all the defendants named in this case.

10.    As of December 22, 2014, there was a balance due and owing to PNC on the Landmark Note $123,911.57 for principal, $6,360.14 for interest, and $349.07 for late charges, for a total balance of $130,620.78, plus attorneys' fees, costs and advances.

11.    As of December 22, 2014, there was a balance due and owing to PNC on a Credit Line and Security Agreement (between David Schmidt and National City Bank, predecessor to the plaintiff) of $47,138.31 for principal, $2,266.53 for interest, and $358.50 for late charges, for a total balance of $49,763.34, plus additional attorneys' fees, costs and advances.

12.    David Schmidt unconditionally guaranteed the amounts to due to PNC under the Credit Line and Security Agreement, including, but not limited to, all attorneys' fees, costs and expenses incurred by PNC.

3

**Conclusions of Law**

1.      The court has subject matter jurisdiction under 28 U.S.C. §1332, because the parties are diverse and the amount in controversy exceeds $75,000. The court has personal jurisdiction over the parties.

2.       When reviewing a motion for default judgment, the court takes "the well-pleaded allegations of the complaint relating to liability . . . as true." Wisconsin Laborers Health Fund v. KCM Excavation & Landscaping, LLC, ___ F.Supp. ___, 2014 WL 1347489 at *1 (E.D. Wis. Apr. 3, 2014) (quoting Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 253 (7th Cir. 1990)).

3.      Consequently, the court deems true the allegations of liability and foreclosure pleaded in the complaint.

4.      The allegations demonstrate that PNC is entitled to a judgment of foreclosure of the premises, as PNC requested in its complaint.

5.      Upon submission of an application for judgment containing proof of how the plaintiff calculated these sums, PNC may obtain a judgment for all amounts it advanced for taxes, special assessments, insurance, or necessary repairs, as additional indebtedness secured by the mortgage. The judgment may include interest from the date of payment through the date of entry of this instant order at the legal, post-judgment rate.

6.      PNC is entitled to a lien on the mortgage premises described in paragraph 6, for the amount of any payments made for expenses incurred in pursuing the foreclosure. Upon application, PNC may obtain an order directing

4

that the amounts it paid, with interest from the date of payment at the legal, post-judgment rate, be paid out of the proceeds of a judicial sale.

7.     PNC's liens are legally superior and paramount to the liens and/or interests of all defendants named in the complaint.

8.     Pursuant to Wis. Stat. §846.17, PNC may request, if necessary in order for PNC or its representatives to secure possession of the mortgaged premises, that the court issue a writ of assistance. PNC may recover the cost of obtaining the writ as a cost of completing the foreclosure process.

9.     The mortgaged premises cannot be sold in parcels without injury to the interests of the parties and the premises.

10.    At any time after six (6) months from the date of entry of this instant order, the mortgaged premises shall be sold at public auction in the state and county where the mortgaged property is situated, by or under direction of the United States Marshal for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §2001(a) and Wis. Stat. §846.103(1), unless the property is first redeemed as provided by applicable law. Such public auction may take place only after the Marshal complies with the notice and hearing provisions of Wis. Stat. §846.16 and 28 U.S.C. §§2001(b) and 2002.

11.    Except for the right to redeem the mortgaged premises before sale, the defendants, and all persons claiming under the defendants subsequent to the filing of the notice of the pendency of this case, are forever barred and foreclosed of all rights, title, interest, claims and equity in the mortgaged premises. Wis. Stat. §846.17. Pursuant to Wis. Stat. §846.13 and Security

Case 2:14-cv-00832-PP   Filed 06/10/15   Page 5 of 11   Document 34

<u>Bank v. Sechen</u>, 288 Wis.2d 168 (Wis. Ct. App. 2005), the defendants' right to redeem shall be extinguished upon confirmation of the sale of the mortgaged premises.

12.    Because PNC's liens are superior to those of the defendants, the proceeds of the judicial sale first shall be applied to the amounts owed PNC, together with post-judgment interest at the rate provided by law. Pursuant to Wis. Stat. §846.162, any surplus remaining after PNC has been paid in full shall be paid into this court and held by the clerk of court for the Eastern District of Wisconsin (from here on, referred to as "the clerk of court") until further order of the court.

13.    Defendant Landmark may remain entitled to possession of the mortgaged premises until the date of confirmation of any sale, unless it abandons the mortgaged premises or unless the court orders otherwise.

14.    Pursuant to Paragraph 15 of the mortgage, entitled "Receiver," PNC has the right to request the appointment of a receiver. If the court appoints such a receiver, then pursuant to Paragraph 14 of the mortgage, entitled "Assignment of Rents or Leases," the receiver is entitled to all rents, issues and profits from the premises until the date the court confirms sale.

15.    Pursuant to Wis. Stat. §846.16(1), after the sale, the Marshal shall report to the court, and shall allow the purchaser into possession of the premises on the production of a Marshal's Deed (or a certified copy of the deed). All parties to this case, and all persons securing possession after the date of the recording of the lis pendens, shall deliver possession to the purchaser. Pursuant to Wis.

6

Stat. §846.17, the purchaser may ask the court for a writ of assistance, if that is necessary for the purchaser to secure possession.

16.     If the proceeds of the sale are insufficient to pay PNC in full, PNC reserves the right to apply for a deficiency judgment against defendants Landmark, Schmidt Roofing and David Schmidt.

17.     Pursuant to Wis. Stat. §846.12, the court enjoins the defendants, and all persons claiming under them, from committing waste or doing any act that may impair the value of the mortgaged premises during the pendency of this case.

## Order Granting Default Judgment of Foreclosure

Based on the above findings of fact and conclusions of law, the court **ORDERS** as follows:

The court **ORDERS** that plaintiff PNC Bank, N.A. is entitled to a judgment of foreclosure on the mortgaged premises described as:

> Lot 1 of Certified Survey Map No. 4539, recorded in the Washington County Registry on August 25, 1995 in Volume 30 of Certified Survey Maps on pages 217-219, as Document No. 698463, being part of the Southwest ¼ of the Southeast ¼ of Section 29, Town 12 North, Range 18 East, in the Town of Wayne, County of Washington, State of Wisconsin.

The court **ORDERS** that under paragraph 17 of the mortgage, PNC is entitled to reimbursement of the regular costs of real property management, including but not necessarily limited to, any and all taxes, special assessments, insurance and necessary repairs to the mortgaged premises. PNC may be required to pay costs associated with the regular upkeep, protection and management of the real property that are now due or that shall become due

prior to the sale of the mortgaged premises. All sums advanced by PNC for such costs shall become additional indebtedness secured by the mortgage, with interest on that indebtedness, from the date of payment, at the legal post-judgment rate. PNC may seek these amounts in its application for judgment.

The court **ORDERS** that under paragraph 17 of the mortgage, PNC is entitled to reimbursement of any and all reasonable costs it incurs in completing the foreclosure process. PNC may be required to make payments of costs, fees and expenses related to the process of foreclosure, including those costs and expenses that will be owed to the U.S. Marshal, or any other state or federal agency, incurred in executing a judicial sale of the mortgaged premises. PNC shall have a lien on the premises for the amount of any such payments, and may obtain an order directing that the amounts paid, including interest accruing from the date of payment at the post-judgment rate, be paid out of the proceeds of any judicial sale.

The court **ORDERS** that the premises be sold as a whole at public auction in the county where the mortgaged premises is situated, by and under the direction of the United States Marshal for the Eastern District of Wisconsin or its designee, unless the mortgaged premises and judgment are redeemed in the manner provided by law, by payment of the total amount of the judgment, together with costs and interest at the legal rate.

The court **ORDERS** that in the case of a judicial sale of the mortgaged premises, the United States Marshal or its designee shall notice and conduct the sale in the manner provided by law, and in the usual custom of the Eastern

8

District of Wisconsin, including the requirement that the United States Marshal accept from the purchaser at the time of sale, as a deposit or down payment, not less than ten percent (10%) of the purchase price (but, pursuant to Wis. Stat. §946.16(1), in no event less than $100). The Marshal shall deposit the 10% deposit with the clerk of court, and require the purchaser to pay the remaining balance of the purchase price to the clerk of court within thirty (30) days of the date of the sale. The court **ORDERS**, however, that at any judicial sale, PNC may credit bid up to the amount of the judgment, including interest, attorneys' fees and costs for collection. If PNC becomes the successful bidder at the sale, the court **ORDERS** that the Marshal may take PNC's receipt in lieu of the cash deposit.

The court **ORDERS** that the clerk of court shall first pay PNC out of any proceeds from the sale of the mortgaged premises.

The court **ORDERS** that any judicial sale of the mortgaged premises shall be subject to an order of confirmation from this court. If appropriate, that confirmation order will provide, not only for confirmation of the sale, but for issuance of a Marshal's Deed and disbursement of funds necessary to satisfy the amounts owed to PNC.

The court **ORDERS** that if there are any surplus proceeds after PNC has been paid in full, the clerk of court will hold such proceeds subject to further order from this court.

The court **ORDERS** upon confirmation of the sale of the mortgaged premises, the purchaser or purchasers—or their heirs, representatives or

9

assigns—be let into possession of the premises upon production of the Marshal's Deed (or an authenticated copy of the deed). At that time, each and every one of the parties to this case who may be in possession of the premises, and every other person who has come into possession of the premises since the filing of the notice of pendency of this case, shall deliver to the purchasers named in the deed possession of the mortgaged premises. If necessary, PNC may apply for a writ of assistance to secure the purchaser's/s' possession.

The court **ORDERS** that, except for the right to redeem the mortgaged premises before judicial sale, the defendants, and all persons claiming under them after the filing of the notice of pendency of this action, are forever barred and foreclosed of all rights, title, interest, claims and equity to the mortgaged premises. The defendants' right to redeem shall be extinguished upon confirmation of the sale of the mortgaged premises.

The court **ENJOINS** the defendants, and all persons claiming under them, from committing waste upon the mortgaged premises and from doing any act that may impair the value of the mortgaged premises.

Case 2:14-cv-00832-PP   Filed 06/10/15   Page 10 of 11   Document 34

The court **ORDERS** that plaintiff PNC submit an application for judgment, which includes an explanation of how it has calculated the amounts it proposes that the court award.

Dated in Milwaukee this ___10th___ day of June, 2015

BY THE COURT:

HON. PAMELA PEPPER
United States District Court Judge

11